CONTINENTAL JEWELRY COMPANY v. ROWLAND PITTMAN & BRO.

(Filed 16 September, 1914.)

**Vendor and Vendee—Goods Returned—Purchase Price.**

In an action for the purchase price of goods sold and delivered, it appeared that the purchaser returned a part of the goods as unsatisfactory, paying for the balance, and that the seller received and kept them. *Held*, the latter cannot recover for those returned, the case being governed by *Medicine Co. v. Davenport*, 163 N. C., 294.

APPEAL by plaintiff from *Bond, J.*, at March Term, 1914, of BUNCOMBE.

*J. M. Norfleet for plaintiff.*
*No counsel for defendant.*

WALKER, J. This was an action for the recovery of $96.75, the price of jewelry and showcase sold to defendant, and which he testified the sales agent agreed he might return if unsalable and unsatisfactory. Defendant alleged that the goods, except some of them of the value of $15.90, were returned to plaintiff and accepted by it. He admitted liability for $15.90. The jury, upon an issue (No. 6) being submitted to them, found that the goods had been returned and accepted by the plaintiff, and that defendant was only indebted to plaintiff in the sum of $15.90, for which amount judgment was entered for him. Plaintiff requested the court to charge that, on defendant's own evidence, it was entitled to recover the full amount, less the credits, viz., $96.75, and to direct the answer to the fifth issue accordingly. The court refused to do so, and plaintiff, having excepted, appealed from the judgment. We are of the opinion there was evidence for the jury to consider, to the effect that defendant returned the goods and that they were received and kept by the plaintiff; and the jury having found that this was so, the case is governed by *Medicine Co. v. Davenport,* 163 N. C., 294, which decides that the plaintiff cannot retain the goods and recover their price, a self-evident proposition. There was some evidence of fraud by the agent in procuring the contract, but we suppose it was not submitted to the jury under a proper issue, as the other question presented a more simple solution of the controversy.

No error.